IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

QUINTILLA L. ABRECHT, Personal &ast;
Representative of the Estate of
LAURA JANE KIRK, Deceased, &ast;
108 Lakin Avenue
Boonsboro, Maryland  21213, &ast;

   Plaintiff, &ast;

v. &ast;

REEDERS FACILITY OPERATIONS, &ast;
LLC, d/b/a REEDERS MEMORIAL
HOME, &ast;
3200 National City Center
1900 E. 9th Street &ast;
Cleveland, Ohio  44114,
&ast;
SERVE ON RESIDENT AGENT:
  Capitol Corporate Services, Inc. &ast;
  11140 Rockville Pike, Ste. 570
  Rockville, Maryland  20852, &ast;  Civil Action No.:

   Defendant. &ast;

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

## COMPLAINT AND DEMAND FOR JURY TRIAL

   Plaintiff Quintilla L. Abrecht, Personal Representative of the Estate of her deceased

mother, Laura Jane Kirk, by and through her undersigned attorneys, Gregory L. Lockwood and

Treanor Pope & Hughes, P.A., files this Complaint against Defendant Reeders Facility

Operations, LLC ("Reeders") in a medical malpractice action, and in support thereof, states:

   1.  Quintilla L. Abrecht, Plaintiff, is a citizen and resident of Boonsboro, Maryland,

and is the daughter of Laura Kirk, deceased (the "Decedent"), and at all times relevant hereto and

pursuant to Letters of Administration granted by the Orphan's Court of Washington County, is the Personal Representative of the Decedent's Estate. A true and correct copy of the Letters of Administration is attached as Exhibit 1.

2.      Reeders Facility Operations, LLC d/b/a Reeders Memorial Home is and was at all relevant times, a health care provider of a licensed and registered nursing facility located at 141 South Main Street, Boonsboro, Maryland 21713, which by its agents, servants and employees, regularly offered medical and nursing services and medical and nursing care to patients and residents in Boonsboro, Maryland.

3.      The amount in controversy in this case exceeds the required jurisdictional amount.

4.      Venue in this case is proper in the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §1332 because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000.00.

## COUNT I
## (NEGLIGENCE)

5.      On or about February 2, 2008, Plaintiff Laura Jane Kirk was a resident at Reeders Memorial Home, which is a skilled nursing facility owned and operated by Reeders Facility Operations, LLC. Ms. Kirk initially was admitted to Reeders Memorial Home for long term care on or about January 2008.

6.      At the time Ms. Kirk was a resident at Reeders, she was treated and cared for by agents, servants, and employees of Reeders Memorial Home.

7.      On or about February 2, 2008, and while under the exclusive supervision, direction and control of agents, servants, and employees of Reeders Memorial Home, a microwaveable heating pad was placed on Ms. Kirk's abdomen, causing second and third degree

burns to her abdomen. This microwaveable heating pad was ordered for treatment of abdominal pain.

8.      The initial evaluation of the burns on February 2nd revealed a 10 cm x10 cm reddened area on the left side of the abdomen, a 2 cm x 1 cm blister in the center of the abdomen and a blister on the right side of the abdomen. Education was provided on this date to Ms. Kirk as well as the nursing staff in regards to proper use of the microwaveable heating pad. That evening Ms. Kirk reported a pain level of 6/10, requiring the administration of Percocet.

9.      Two days later, on February 4, 2008, Ms. Kirk's daughter told the nurse she placed the microwave heating pad on her but was not sure whether it had slipped off the towel and possibly caused further injury. The nurse assessed Ms. Kirk's abdomen and did not observe any new wounds. The blisters remained intact and a dressing covered the large wound. At this time the nursing staff obtained a physician's order and discontinued use of the microwaveable heating pad.

10.      The burns required daily wound care and monitoring as well as examination and treatment by her nursing home physician, Dr. Qadar. When Ms. Kirk was examined by her nephrologist, William H. Johnson, M.D. on February 7, 2008 he examined her abdomen, noting the 2nd and 3rd degree burns with blisters and sloughing caused by the microwaveable heating pad. He documented these burns were "causing significant pain and some fluid losses." Therefore, he recommended weekly laboratory testing to monitor her hydration.

11.      By February 18th the abdomen was dark in color with blistered tissue with some yellow drainage. Eschar began to form in the wound prompting Dr. Qadar to refer her to the Wound Center for debridement of the wound.

12.     During March 2008 Ms. Kirk was treated multiple times at the Wound Center during which time the dense, necrotic eschar within the wound was debrided and the wound treatments were changed.  During the initial visit the physician documented the 3rd degree burns were caused by a water bottle.

13.     Ms. Kirk continued to require routine pain medication.   Additionally, she deteriorated rapidly during the course of her admission to Reeders Memorial Nursing Home. Upon admission she required only limited assistance with bed mobility, transfer and dressing. However, by March she required extensive to total care in all areas.  She experienced significant weight loss and fell multiple times.

14.     As she continued to deteriorate, Ms. Kirk was placed in hospice care in May 2008.  She passed away on June 3, 2008 with the cause of death listed as myocardial infarction, renal failure and cardiac arrhythmia.  The largest abdominal burn remained open at the time of her death, measuring 6 cm x 3.5 cm.

15.     The medical and nursing personnel of this Defendant owed to the public at large and to the Plaintiff Laura Jane Kirk a duty to use that degree of skill and care typically exercised by health care practitioners in the same specialty with like training and experience in the same or similar circumstances.  The personnel at Reeders, including the medical nursing staff, breached the applicable standard of care by the:

(a)     Failure to assure that she remained free from accident hazards as is possible;

(b)     Failure to assure she received adequate supervision and assistance/assistive devices to prevent this accident(s) of burns;

(c)     Failure to obtain a specific order from a physician on 1/28/2008 to apply heat to her lower abdominal pain;

(d)     Failure to obtain a verbal order for warm compresses on 1/31/2008;

(e)     Failure to obtain an order for microwaveable heating pad prior to obtaining an order for treatment for her burns;

(f)     Failure to obtain a PT consult for heat therapy, and/or an order for a hospital grade heating pad;

(g)     Failure to develop facility policy and procedures for using heating pads to prevent injuries/burns, and assure competency in its usage by staff, and safety for the Resident;

(h)     Failure to notify the family of her burns on 2/2/2008 and have the daughter bring the heating pad home to prevent any subsequent burn(s);

(i)     Failure to educate the daughter of the risk for burns to her mother from usage of the pad on 2/2/2008;

(j)     Failure to document details of the incident on 2/2/2008 in the nurse's notes;

(k)     Failure to assess and document any changes from the initial burn(s) to the second incident on 2/4/2008 to indicate any extension of the burn(s);

(l)     Failure to apply enough appropriate layers between her and the pad during its usage to prevent injury/burns;

(m)     Failure to monitor her skin during the treatment to assess for any adverse reactions secondary to the heat from the pad;

(n)     Failure to document initial changes in the progress of her wounds;

(o)     Failure to recognize that she had multiple risk factors for burns;

(p)     Failure to recognize the extent of her burns;

(q)     Failure to seek timely wound care consult to treat the 3rd degree burns; and

(r)     Failure to provide a plan of care for use of a heating pad, prior to her burns, to prevent injury and direct appropriate care to her.

16.     As a direct and proximate result of the negligence of the agents, servants and employees of Reeders as aforesaid, Plaintiff Laura Jane Kirk suffered and was caused to develop painful and debilitating burns because of the negligence of Reeders Facility Operations, LLC and its agents, servants, and employees with no negligence of the Plaintiff contributing thereto.

17.     From the time of these failures until her death, Plaintiff endured severe conscious and physical pain and suffering as a direct and proximate result of the negligence of Reeders Facility Operations, LLC.

WHEREFORE, Plaintiff, Quintilla L. Abrecht, Personal Representative of the Estate of Laura Jane Kirk, deceased, under the Survival Act, Maryland Cts. & Jud. Proc., Code §6-401(a), pursuant to the authority vested in a Personal Representative by virtue of Maryland Estates and Trusts Code demands judgment against Reeders Facility Operations, LLC for all injuries and damages which Laura Jane Kirk has suffered, including but not limited to, emotional damage, pain and suffering, medical expenses, and other damages as a consequence of the negligence of this Defendant in excess of the required jurisdictional amount.

Respectfully submitted,

_____

Gregory L. Lockwood, Esquire (#07971)
Treanor Pope & Hughes, P.A.
29 W. Susquehanna Avenue, Suite 110
Towson, Maryland 21204
Tel:  (410) 494-7777
gllockwood@tph-law.com

Attorneys for Plaintiff